[Cite as *DiCresce v. Dicresce*, 2026-Ohio-3051.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Megan DiCresce

    Appellant

v.

Thomas DiCresce

    Appellee

Court of Appeals No.  L-26-00023

Trial Court No.  DR-24-17

**DECISION AND JUDGMENT**

Decided: August 7, 2026

* * * * *

Megan DiCresce, pro se, appellant.

* * * * *

**ZMUDA, J.**

## I. Introduction

{¶ 1} Appellant, Megan DiCresce, appeals from the January 8, 2026 judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, denying her motion for relief from judgment.  For the following reasons, we affirm the trial court's judgment.

## II. Facts and Procedural Background

{¶ 2} Appellant filed a petition for divorce from her then-husband, appellee Thomas DiCresce, on January 12, 2024.  The matter was resolved when the parties

entered into a consent judgment entry on November 14, 2024. The judgment entry included a shared parenting plan establishing the parties' parental rights and responsibilities for their three children. In its judgment entry, the trial court found that "the parties have entered into an agreement in which said agreement fully and finally settles all matters pertaining to this action for divorce."

{¶ 3} On January 2, 2026, more than one year after the judgment, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B)(3).[1] In her motion, she alleged that the guardian ad litem ("GAL") assigned to represent the children's interest during the divorce proceedings had committed fraud. Specifically, appellant alleged that the GAL informed her that she would recommend that appellee receive full custody of their children unless appellant agreed to a shared parenting plan that barred her "romantic partner" from contacting the children due to prior child-endangerment and domestic violence allegations against him. She claimed that she agreed to these terms under duress resulting from the GAL's "fraud" and requested the judgment be vacated, a new hearing held, the appointment of a new GAL, and for the "[i]mmediate suspension of the partner-contact ban."

---

[1] Appellant's motion also referenced Civ.R. 60(B)(5). On appeal, she only challenges the trial court's denial of her motion pursuant to Civ.R. 60(B)(3), stating her "claims fall within Civ.R. 60(B)(3) and require judicial review." We also note that appellant's motion cited the same allegations in support of her request under both Civ.R. 60(B)(3) and (5). Civ.R. 60(B)(5) is a "catch-all provision" and cannot be used as a "substitute for one of the more specific provisions of Civ.R. 60(B)" when both requests rely on the same evidence. *LaCourse v. LaCourse,* 2023-Ohio-972, ¶ 19, 24 (6th Dist.). For these reasons, we limit our review of the trial court's judgment denying her motion to appellant's claim for relief under Civ.R. 60(B)(3).

2.

**{¶ 4}** The court denied appellant's motion, without a hearing, on January 8, 2026. Relevant to appellant's fraud allegations, the court held that appellant had not filed the motion within one year of the judgment as described in Civ.R. 60(B). The court further held that Civ.R. 60(B)(3) does not apply to alleged fraud committed by the GAL as that provision is limited to fraud by an adverse party. The court then denied appellant's motion and ordered the divorce decree to "remain in full force and effect."

### III. Assignments of error

**{¶ 5}** Appellant timely appealed and asserts the following errors for our review:

1. The trial court abused its discretion by denying appellant's Civ.R. 60(B) motion without an evidentiary hearing.

2. The trial court erred by mischaracterizing appellant's claims as dissatisfaction rather than coercion and misconduct.

Because it informs our analysis of appellant's first assignment of error, we begin with appellant's second assignment of error.

### IV. Law and Analysis

**A.  Appellant's motion was properly denied as untimely pursuant to Civ.R. 60(B)(3).**

**{¶ 6}** In her second assignment of error, appellant alleges that the trial court erred when it denied her motion for relief from judgment pursuant to Civ.R. 60(B)(3) based on the alleged fraud committed by the GAL. "We review a trial court judgment denying a motion for relief from judgment under an abuse of discretion standard." *Moccabee v. Bashore,* 2021-Ohio-4345, ¶ 16 (6th Dist.). "An abuse of discretion connotes that the trial court's attitude is unreasonable, arbitrary, or unconscionable." *Id.* Having reviewed

3.

the record, we find that the trial court did not abuse its discretion when it found appellant's motion was untimely.

{¶ 7} Civ.R. 60(B) states that a motion for relief from judgment "shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken." The final divorce decree was memorialized on November 14, 2024. Appellant filed her motion for relief from judgment on January 2, 2026, more than one year after the final judgment was entered. Thus, the record plainly shows that appellant's motion seeking relief from judgment pursuant to Civ.R. 60(B)(3) was untimely and the trial court did not abuse its discretion in denying appellant's motion on that basis. *See id.* at ¶ 34-36. For this reason, we find appellant's second assignment of error not well-taken.

## B. The trial court was not obligated to conduct an evidentiary hearing to determine that appellant's motion was untimely.

{¶ 8} In her first assignment of error, appellant argues that the trial court erred when it resolved her motion for relief from judgment without first conducting an evidentiary hearing. Having determined that the record plainly shows that appellant's motion was untimely, the only question before this court under appellant's first assignment of error is whether the trial court had to conduct a hearing to reach that conclusion. We find that it did not.

{¶ 9} Trial courts have "the authority to dismiss a Civ.R. 60(B) motion without first granting an evidentiary hearing when such a motion is untimely filed." *BAC Home Loans Servicing, L.P. v. Shackelford,* 2013-Ohio-2361, ¶ 11 (6th Dist.), citing *Bednar v.*

4.

*Bednar,* 20 Ohio App.3d 176, 178 (9th Dist.1984). Here, the trial court exercised that authority based on the delay in appellant's filing of her motion for more than a year after the judgment and, as a result, did not abuse its discretion in denying appellant's motion without a hearing. For this reason, we find appellant's first assignment of error not well-taken.

### V. Conclusion

{¶ 10} For these reasons, we find appellant's first and second assignments of error not well-taken. We affirm the January 8, 2026 judgment of the Lucas Court of Common Pleas, Domestic Relations Division.

{¶ 11} Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

| Thomas J. Osowik, PJ. | |
|---|---|
| | JUDGE |
| Gene A. Zmuda, J. | |
| | JUDGE |
| Charles E. Sulek, J. | |
| CONCUR. | JUDGE |

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

5.